IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:19-CR-00049-KDB-DCK-2

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | ORDER |
| DEVIN QUAMAINE TEMPLETON, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 72). Defendant seeks compassionate release for the fourth time arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Butner Medium II[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 or possibly death if he were to contract the virus. *Id*. Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

In Defendant's Presentence Report, which was filed in November of 2019, Defendant described his physical health as good and stated that he is not under the care of a physician or prescribed any medicine. (Doc. No. 45, ¶ 64). Defendant claims to be obese. (Doc. No. 72 at 1, 4). The Government obtained medical records from the BOP (from February 4, 2021 to December

---

[1] According to the Bureau of Prison's (BOP) website, FCI Butner Medium II currently has 2 inmates and 5 staff with confirmed active cases of COVID-19. There have been 4 inmate deaths, no staff deaths and 344 inmates have recovered and 33 staff have recovered. Additionally, at the Butner complex, 1,151 staff have been fully inoculated and 3,171 inmates have been fully inoculated.

15, 2021) which indicate that Defendant does suffer from obesity. (Doc. No. 76, Exhibit A). On November 9, 2021, records indicate the Defendant weighed 339 pounds and on October 29, 2020, he weighed 307 pounds with a body mass index of 33.5. *Id*. at 34, 77. The Centers for Disease Control and Prevention ("CDC") lists obesity as a medical condition that can increase the risk of severe illness from COVID-19. *See* People With Certain Medical Conditions, COVID-19, Centers for Disease Control and Prevention, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Despite his professed fears relating to contracting COVID-19 while incarcerated, Defendant refused the COVID-19 vaccine offered by the BOP on March 3, 2021. (Doc. No. 74, Exhibit A, at 84). In so doing, Defendant declined the opportunity to reduce his risk of exposure to COVID-19 dramatically. He cannot reasonably expect that prolonging his risk of COVID-19 exposure by declining vaccination will be rewarded with a sentence reduction. *See, e.g., United States v. Williams,* No. CR1701279001PHXDLR, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021) ("Defendant's own behavior [in refusing vaccination] is inconsistent with his position that he believes he is at increased risk from the virus."). If Defendant were to receive the vaccine, it would substantially mitigate his risk of COVID-19 infection and likely eliminate the basis for his compassionate release motion. "Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward [his] refusal to protect [himself] by granting [his] release. It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them." *United States v. Gonzalez Zambrano*, No. 18-CR-2002-CJW-MAR, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021); *see also United States v. Lohmeier*, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) ("Of course, were Mr. Lohmeier to

substantially mitigate his risk of further COVID-19 infection, that would eliminate the predicate for his compassionate release motion. If that is the gambit, it fails."); *United States v. McBride*, 2021 WL 354129, at *3 (W.D.N.C. Feb.w, 2021) (finding that defendant failed to present an "extraordinary and compelling" reason for a sentence reduction where, despite having diabetes, he refused the COVID-19 vaccine); *Unites States v. Baeza-Vargas*, 2021 WL 1250349, at *2-3 (D.Ariz. Apr. 5, 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances.") (collecting cases); see also, *United States v. Newell*, No. 1:13-CR-165-1, 2021 U.S. Dist. LEXIS 143059, 2021 WL 3269650, at *11 (M.D.N.C. July 30, 2021); *United States v. McDonald*, No. 3:16-CR-00218-FDW, 2021 U.S. Dist. LEXIS 129462, 2021 WL 2941554, at *3 (W.D.N.C. July 12, 2021). Accordingly, Defendant cannot establish an "extraordinary and compelling" reason for compassionate release based on his concerns about contracting the virus. As such, Defendant's Motion will be denied.

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

**IT IS THEREFORE ORDERED** that Defendant's Motion for compassionate release and reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 72), is **DENIED**.

**SO ORDERED.**

Signed: January 4, 2022

Kenneth D. Bell
United States District Judge